IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO.  12-484-01 |
| | : | |
| CURTIS CRAWFORD | : | |

## MEMORANDUM OPINION

Savage, J.                                                                                                                September 22, 2016

In his *pro se* motion under 28 U.S.C. § 2255, defendant Curtis Crawford attacks his sentence, arguing that it was wrongly enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He relies upon *United States v. Johnson*, 135 S. Ct. 2551 (2015), which held that the "residual clause" of section 924(e)(2)(B) is unconstitutional. Because *Johnson* does not apply to his case, we shall deny his motion.

The ACCA statute mandates a fifteen-year minimum prison sentence for a defendant who is convicted of a violation of 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense" or both. The statute provides, in part, as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

The ACCA defines both a "violent felony" and a "serious drug offense."  "Violent

felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that - (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).

The last clause starting with the words "otherwise involves" is known as the residual clause.  It is that portion of the "violent felony" definition that the Supreme Court, in *Johnson*, declared unconstitutionally vague.  It held that imposing an increased sentence under the residual clause violates due process.  *Johnson*, 135 S. Ct. at 2563.

The *Johnson* court expressly limited its holding to the "residual" clause, stating, "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  135 S. Ct. at 2563.  Nor did it affect the definition of a "serious drug offense".

Crawford was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  After his motion to suppress physical evidence was denied, he was tried by a jury and found guilty.

At sentencing, Crawford was designated an armed career criminal under ACCA. Because he had seven prior felony convictions for controlled substances offenses, his base offense level, pursuant to U.S.S.G. § 2A2.1, was 24.  Of these prior criminal convictions, three were for "serious drug offenses" as defined in Section 924(b).  Under U.S.S.G. §4B1.4, he was deemed an armed career criminal, fixing his total offense level at 33.  With a criminal history category of VI, his guideline range was 235 to 293 months. He was sentenced to the mandatory minimum sentence of 180 months imprisonment.

Crawford's armed career criminal status was based solely on his prior drug offenses. Because it was not based upon prior violent felonies, *Johnson* does not afford him any relief. Therefore, we shall deny his motion.